IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ELWOOD THOMPSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARY BENSON, ET. AL.,<br><br>　　　　Defendants. | No. 11-CV-4052-DEO<br><br>ORDER |

## I. INTRODUCTION AND BACKGROUND

This matter is before this Court on Mary Benson, Jason Smith, and the Iowa Department of Human Services', Defendants', partial motion to dismiss Elwood Thompson's, Plaintiff's, 42 U.S.C. § 1983 complaint, alleging Defendants are refusing to provide him essential medical treatment for his diabetes. Docket No. 4 and 10. Plaintiff has been adjudicated a sexually violent predator and is currently committed to the Civil Commitment Unit for Sex Offenders (CCUSO), which is part of the Iowa Department of Human Services. Mary Benson is a Nurse at the facility, and Jason Smith is the Director of the facility.

On August 5, 2011, this Court granted Plaintiff's motion to proceed in forma pauperis and request for appointment of counsel. Docket No. 3. On September 16, 2011, Plaintiff's appointed counsel declined to file an amended complaint.

Docket No. 7.

**II.  LAW AND ANALYSIS**

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) provides that a defendant may motion a court to dismiss a claim for "failure to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

Defendants contend they are entitled to a motion to dismiss on the following grounds:  (1) Plaintiff's claims against the Iowa Department of Human Services and other Defendants, CCUSO employees, are inappropriate in that state agencies and state officials sued in their official capacities do not constitute a "person" as contemplated under 42 U.S.C. § 1983; (2) the State of Iowa, including the Iowa Department

2

of Human Services, is immune from claims for money damages; and (3) Plaintiff's claims related to events occurring more than two years prior to the filing of his complaint are barred by the statute of limitations. Docket No. 10.

Plaintiff concedes that the events that occurred two years prior to Plaintiff filing his complaint are barred under the applicable statute of limitations. <u>See</u> Iowa Code §614.1(2) (providing that actions "founded on injuries to the person . . . whether based on contract or tort, or for a statute penalty" must be brought "within two years"). The Plaintiff also concedes that state sovereign immunity prevents any claim for monetary damages against the State of Iowa. <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974). The Plaintiff also concedes that the Iowa Department of Human Services is not a person as contemplated under 42 U.S.C. § 1983. <u>See</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 22-23 (1991). Finally, though the Plaintiff concedes that suits brought against public officials in their official capacity are often improper, the Plaintiff maintains they are appropriate to the extent injunctive relief is sought. Thus, the sole question before this Court is whether 42 U.S.C. § 1983 claims seeking

injunctive relief against Defendants acting in their official capacities are appropriate.

While Defendant is correct to note, and Plaintiff concedes, that state officials generally cannot be sued in their official capacities under § 1983, state officials can be sued in their individual capacities. Hafer v. Melo, 502 U.S. 21, 22-23 (1991). Furthermore, all suits naming state officials in their official capacity are not per se banned from consideration under § 1983. In Will v. Michigan Dept. of State Police, the Supreme Court clearly noted that state officials sued in their official capacity are, when injunctive relief is sought, "persons" under § 1983, "because 'official-capacity actions for prospective relief are not treated as actions against the State.'"[1] 491 U.S. 58, 71, fn 10 (quoting

---

[1] The distinction rests on a balance of three considerations: (1) state sovereign immunity protects states from suits that seek to "'impose liability which must be paid from public funds in the state treasury;'" (2) suits against state officials in their official capacities are, in effect, suits against the state; for instance, if a state official, sued in his official capacity, dies or leaves office, their successor must continue to defend the suit; and (3) § 1983 was designed "'to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position.'" Hafer, 502 U.S. 21, 25, 27, and 30 (quoting Monroe v. Pape, 365 U.S. 167, 172 (1961) and Edelman v. Jordan, 415 U.S. 651, 663 (1974). In balancing these three policy considerations, the Supreme Court has ruled that officials may be sued in their individual capacities for monetary damages, and, in order to prevent the repetition of

Kentucky v. Graham, 473 U.S. 159, 167, fn. 14 (1985)).

It is unclear from Plaintiff's complaint whether he intended to sue Defendants Smith and Benson in their official or individual capacities, but pro se complaints,[2] no matter how "inartfully pleaded[,] are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted). Plaintiff is alleging government officials are violating his constitutional rights in a manner he perceives to have real and unjust consequences; the question of whether he is suing the alleged perpetrators in their official or individual capacities, though it has a real and important effect, no doubt appears academic to the Plaintiff. Such questions involve points of law no layman should be expected to know. Thus, this Court will assume Plaintiff sought any relief which could be reasonably inferred from his complaint, including monetary damages against Defendants Benson and Smith in their individual capacities and injunctive relief against Defendants Benson and Smith in their individual and official

---

an on-going wrong under the guise of state authority, in their official capacities for injunctive relief.

[2] Though Plaintiff now has counsel, his complaint on record was filed pro se.

5

capacities.

**It is Hereby Ordered:**

**(1) Defendants' motion to dismiss Plaintiff's claims related to events that occurred prior to the running of the two year statute of limitations is granted.**

**(2) Defendants' motion to dismiss Plaintiff's claims against the Iowa Department of Human Services is granted.**

**(3) Defendants' motions to dismiss Plaintiff's claims brought against Defendants Benson and Smith in their official capacities are granted to the extent that Plaintiff seeks monetary damages.**

**(4) To the extent Defendants seeks dismissal of Plaintiff's claims against Defendants Benson and Smith in their individual capacities, Defendants' motions are denied.**

**IT IS SO ORDERED** this 5th day of March, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa