# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **ELWOOD THOMPSON,**<br>Plaintiff and Counter Defendant,<br>v.<br>**MARY BENSON, NURSE; JASON SMITH, DIRECTOR,**<br>Defendants and Counter Claimants. | **No. 11-CV-4052-DEO**<br><br>**RULING ON DEFENDANTS' MOTION SUMMARY JUDGMENT** |

_____

The parties appeared on October 1, 2012, for a telephonic hearing on the Defendants' Motion for Summary Judgment. Attorney Jay Denne appeared on behalf of the Plaintiff, Elwood Thompson. Assistant Attorney General Gretchen Kraemer appeared on behalf of the Defendants. After hearing the parties' arguments, the Court took the matter under consideration and now enters the following.

## I. INTRODUCTION AND PROCEDURAL HISTORY

The Plaintiff, Elwood Thompson [hereinafter Mr. Thompson], has been adjudicated a sexually violent predator and is currently committed to the Civil Commitment Unit for Sex Offenders (CCUSO), which is part of the Iowa Department of

Human Services.  Mary Benson is a Nurse at the facility, and Jason Smith is the Director of the facility.

On May 21, 2011, Mr. Thompson filed a Pro Se Complaint alleging that Ms. Benson and Mr. Smith [hereinafter the Defendants] violated his rights pursuant to 42 U.S.C. § 1983. On August 5, 2011, this Court granted Mr. Thompson's motion to proceed in forma pauperis and a request for appointment of counsel.  On September 16, 2011, Mr. Thompson's appointed counsel declined to file an amended complaint.  On October 5, 2011, the Defendants filed an Answer as well as a Counter Claim alleging that Thompson's claims are frivolous and requesting attorney's fees.  The Defendants also filed a partial Motion to Dismiss, arguing that various immunities and the statute of limitations precluded some of Mr. Thompson's claims.  On March 5, 2012, the Court entered an order granting in part and denying in part Defendants' Motion to Dismiss. The Court allowed Mr. Thompson's claim against the Defendants, in their individual capacity, to proceed.  On July 2, 2012, the Defendants filed the present Motion for Summary Judgment. On August 31, 2012, the Plaintiff filed a Resistance to the Motion for Summary Judgment.

## II. FACTS

The parties dispute many of the facts at issue. The Court can outline the situation as follows. Mr. Thompson is civilly committed at CCUSO. He has a history of illness, including diabetes. As a result of the diabetes, he had a partial amputation of his right foot in 2006. Beginning in 2008, Mr. Thompson refused to let CCUSO be involved in the treatment of his diabetes. Mr. Thompson states that he is controlling his illness through his diet.

In 2010, Mr. Thompson developed an ulcer or lesion on his foot. It is clear that Mr. Thompson sought treatment for his foot ulcer and CCUSO's medical team did provide some care. However, Mr. Thompson claims that he was denied medication and the opportunity to seek specialized treatment outside of CCUSO. Mr. Thompson clearly contends that the Defendants ignored his foot condition, allowing it to intensify in severity until it required surgery. The Defendants argue that Mr. Thompson was given every opportunity to have his foot treated, but refused to follow medical advice, including getting the required laboratory work so he could be evaluated at an outside medical facility.

3

In early 2011, the foot aliment cleared; but by April, it had returned. Corrective surgery was conducted on September 30, 2010. The parties further disagree about the cause of the foot problem. The Defendants assert that the ulcer was a result of uncontrolled diabetes. Mr. Thompson denies this.

Additionally, factual allegations will be discussed below.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the record shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56(c). A fact is *material* if it is necessary "to establish the existence of an element essential to [a] party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). There is a *genuine issue* as to a material fact if, based on the record before the court, a "rational trier of fact" could find for the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When considering a motion for summary judgment, a "court must view the evidence in the light most favorable to the nonmoving party . . . ." Hutson v. McDonnell Douglas Corp., 63 F.3d 771 (8th Cir. 1995). This requires a court to draw any reasonable inference from the underlying facts in favor of the nonmoving party and to refrain from weighing the evidence, making credibility determinations, or attempting to discern the truth of any factual issue in a manner which favors the moving party unless there is no reasonable alternative. See Matsushita, 475 U.S. at 587; and Morris v. City of Chillicothe, 512 F.3d 1013, 1018 (8th Cir. 2008) (citing Thomas v. Corwin, 483 F.3d 516, 526-27 (8th Cir. 2007).

Procedurally, the movant bears the initial burden "of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992) (citing Celotex, 477 U.S. at 323). Once the movant has carried his burden, the non-moving party is required "to go beyond the pleadings" and through "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a

genuine issue for trial.'" Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(e)).

**IV. ISSUES**

The Defendants' Motion for Summary Judgment makes several different arguments. Principally, the Defendants argue that they provided Mr. Thompson adequate medical care. They argue that they were not deliberately indifferent to Mr. Thompson's medical issues and that they exercised the professional medical discretion appropriate for the situation. The Defendants also claim that they have qualified immunity regarding the matters at issue in this claim. Defendant Smith argues that he is not liable because he was not personally involved with Mr. Thompson's treatment. Finally, the Defendants argue that Mr. Thompson is not entitled to injunctive relief.

**V. ANALYSIS**

**A. Deliberate Indifference**

Mr. Thompson's general allegation is that he was and continues to be injured by the Defendants' constitutionally inadequate medical care.

At the outset, the Court notes that, "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg, 457 U.S. at 321-22. There has been some debate regarding the appropriate standard in this type of case. In the context of inmate medical-care claims, Courts have stated that:

> [t]he Eighth Amendment's prohibition against cruel and unusual punishment, which embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," prohibits punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). It thus requires that the government provide "medical care for those whom it is punishing by incarceration." Id. at 103. The Eighth Amendment safeguards the prisoner against a lack of medical care that "may result in pain and suffering which no one suggests would serve any penological purpose." Id. Accordingly, "deliberate indifference to serious medical needs" of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution. Id. at 104.

Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009) (parallel citations omitted). This deliberate

7

indifference standard is used routinely in prisoner cases related to medical care.

Recently, Courts have applied the deliberate indifference standard to civilly committed individuals. See <u>Senty-Haugen v. Goodno</u>, 462 F.3d 876, 889 (8th Cir. 2006) which applied the deliberate indifference standard to a medical-care claim raised by a patient involuntarily committed as a sexually violent predator under the 14th Amendment. See also <u>Scott v. Benson</u>, 742 F.3d 335 (8th Cir. 2014), stating, "where a patient's Fourteenth Amendment claim is for constitutionally deficient medical care, we apply the deliberate indifference standard from the Eighth Amendment. <u>Senty-Haugen</u>, 462 F.3d at 889-90."

Under the deliberate indifference standard, Mr. Thompson must show the Defendants were deliberately indifferent to a serious illness or injury. <u>Senty-Haugen</u>, 462 F.3d at 889. A successful deliberate indifference claim is comprised of both an objective and a subjective element. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). First, Mr. Thompson must demonstrate that, objectively, the deprivation he suffered was "sufficiently serious; that is, it must result in the denial

8

of the minimal civilized measure of life's necessities." Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002). In the medical care context, this objective element is satisfied when a plaintiff demonstrates that his medical need itself was sufficiently serious. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Second, Mr. Thompson must establish that the defendants acted with a "'sufficiently culpable state of mind'" to support liability under § 1983. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

Although negligence or inadvertence will not support a deliberate indifference claim, a plaintiff need not establish that prison officials actually intended harm to befall him from the failure to provide adequate care. Walker, 293 F.3d at 1037. "[I]t is enough to show that the defendants knew of a substantial risk of harm to [the plaintiff] and disregarded the risk." Greeno, 414 F.3d at 653. A successful plaintiff need not show that he was literally ignored in his demands for medical treatment, and a defendant's showing that a plaintiff received some treatment does not resolve the issue conclusively if the treatment was "blatantly inappropriate." Greeno, 414 F.3d at 653–54 (internal citations and quotation

9

omitted). Finally, the Eighth Amendment "protects [a plaintiff] not only from deliberate indifference to his or her current serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to future health." Board v. Farnham, 394 F.3d 469, 479 (7th Cir. 2005). "Deliberate indifference must be measured by the official's knowledge at the time in question, not by 'hindsight's perfect vision.'" Schaub v. VonWald, 638 F.3d 905, 915 (8th Cir. 2011) (citing Lenz v. Wade, 490 F.3d 991, 993 n.1 (8th Cir. 2007)).

Defendants argue that Mr. Thompson must prove that CCUSO officials, specifically Ms. Benson and Dr. Smith, knew about excessive risks to his health but disregarded them, and that their unconstitutional actions in fact caused his injuries. Senty-Haugen, 462 F.3d at 890. For the purposes of trial, their argument is correct. However, presently before the Court is a Motion for Summary Judgment. As noted above, at this stage of the case, the claim must be allowed to proceed if Mr. Thompson has alleged facts from which a jury could find in his favor. Accordingly, the Court must consider if there

are facts in dispute.  If there is a genuine issue of material fact, summary judgment is inappropriate.

At its heart, this claim is very simple.  Mr. Thompson alleges he has a serious medical issue related to an ulcer on his foot which ultimately required surgery to correct.  Mr. Thompson goes on to argue that his foot problem was a result of the Defendants' deliberate failure to treat his condition.

The Defendants do not deny that Mr. Thompson had an ulcer on his foot, that it ultimately required corrective surgery, or that Mr. Thompson has a complicated medical situation as a result of his diabetes.  However, the Defendants respond by saying that Mr. Thompson refused treatment for his diabetes, that Mr. Thompson could have accessed medical care during weekly clinics or could have scheduled appointments as needed, and that CCUSO ultimately got Mr. Thompson the medical care he required.  The Defendants argue that given those facts, there is no deliberate indifference.  Rather, the Defendants argue that the facts show that Mr. Thompson got attentive medical care despite his repeated refusals to follow the doctor's orders.

Mr. Thompson responds to the Defendants by saying that he has a hearing problem and did not know when the nurse was available, that he was told he must wait to see the nurse, and that his refusal to take diabetes medicine is a result of the Defendants' ineptitude in dispensing the correct pills. He further argues that his refusal to take diabetes medicine is unrelated to the medical issue described in his Complaint. Other factual disputes involve whether Mr. Thompson followed the proper diet, wore his prescribed orthopedic shoes and bought too much peanut butter and sugar at the commissary.

It is clear to the Court that there is a genuine issue of material fact in this case. Mr. Thompson has alleged facts that could show that the Defendants treated him with deliberate indifference. The Defendants have alleged contrary facts. Determining which facts to believe is the job of the fact finder, not the judge sitting on a Motion for Summary Judgment. Among many other issues, the Court cannot determine, as a matter of law, whether Mr. Thompson bought too much peanut butter or whether the Defendants allowed him to see the nurse when he requested to. Accordingly, that portion of the Defendants' Motion for Summary Judgment must be denied.

## B. Qualified Immunity

Defendants argue that:

> CCUSO Defendants are entitled to qualified immunity for the performance of discretionary functions. <u>Davis v. Hall</u>, 375 F.3d 703, 711 (8th Cir. 2004). Qualified immunity exists "to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" <u>Anderson v. Creighton</u>, 483 U.S. 635, 646 (1987) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817 (1982)). To defeat this qualified immunity, Plaintiff must show how each Defendant's individual conduct violated a "clearly established statutory or constitutional right of which a reasonable person would have known." <u>Id.</u> To make this showing, Plaintiff must: (1) considering the facts in the light most favorable to the Plaintiff demonstrate that each Defendant violated a constitutional right; and if that criterion is satisfied, (2) show the constitutional right was clearly established. <u>Ware v. Morrison</u>, 276 F.3d 385, 387 (8th Cir. 2002).

Docket No. 17-2, p. 10 of 14.

Accordingly, the Defendants are not entitled to qualified immunity if Mr. Thompson has alleged facts that could show the Defendants violated a constitutional right and if the right was clearly established. As discussed in Section (A), p. 6-12, Mr. Thompson has alleged facts that could demonstrate the Defendants violated his constitutional right to medical care.

13

And the Defendants admit in their own brief, "that treating [a] patient's medical needs with deliberate indifference is prohibited by the Constitution." Accordingly, Mr. Thompson has made the appropriate showing to defeat the Defendants' claim for qualified immunity. That portion of the Defendants' Motion for Summary Judgment must be denied.

**C. Dr. Smith's Individual Claim**

Defendant Smith argues that he should be dismissed from this claim because Mr. Thompson fails to allege any claim specifically against Dr. Smith. Dr. Smith correctly states that:

> A Plaintiff may bring a section 1983 claim only against those individuals actually responsible for the constitutional deprivation. Doyle v. Camelot Care Centers [Inc.], 305 F.3d 605, 614-615 (7th Cir. 2002); De[L][a][F]ont v. Beckelman, 264 F. Supp. [2d] 650, 656, (N.D. Ill 2003). Defendants are only liable for actions for which each is directly responsible. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). A general responsibility for supervising operations is insufficient to establish the personal involvement necessary to support liability. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997).

Docket No. 17-2, p. 11 of 14.

14

Dr. Smith goes onto argue that Mr. Thompson's Complaint is devoid of specific allegations against him.

However, a cursory review of Mr. Thompson's Complaint reveals that he does attribute fault to Dr. Smith. Specifically, on page 2 of his Complaint, Mr. Thompson states that on April 15, 2011, he reported his concerns about Defendant Benson to Dr. Smith. He goes onto say that Dr. Smith did not follow through on a promise to send Mr. Thompson to Iowa City for evaluation. Finally, Mr. Thompson alleges that Dr. Smith failed to respond to requests to talk to Mr. Thompson about his medical issue. It is clear to the Court that Mr. Thompson has made specific allegations against Dr. Smith. Determining which facts to believe is the job of the fact finder, not the judge ruling on a Motion for Summary Judgment. It would be inappropriate to dismiss Dr. Smith from this case. Accordingly, that portion of the Defendants' Motion for Summary Judgment is denied.

**D. Injunctive Relief**

The Defendants argue that Mr. Thompson's claim for injunctive relief has been rendered moot because Mr. Thompson's foot related medical issue has been resolved. Mr.

Thompson does not dispute that his foot has healed, but argues that:

> This fact ignores the past history of not providing Thompson with care in a timely fashion, which has caused damage to Thompson. He was not taken to Iowa City until after he signed this lawsuit. Therefore, there is a record of real threat of a future violation of the law, and when that is the case, injunctive relief is appropriate.

Docket No. 23-2, p. 8 of 9.

Mr. Thompson goes on to state that an injunction is proper if "the record shows 'a real threat of [a] future violation [of the law] or a contemporary violation of a nature likely to continue or recur.'" Webb v. Missouri Pac. R.R., 98 F.3d 1067, 1068 (8th Cir. 1996) (quoting United States v. Oregon State Med. Soc'y, 343 U.S. 326, 333 (1952) (internal quotation alterations in Webb)).

The Defendants do not dispute that standard is correct, but argue that, "[i]n general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." Mo. Pro. And Advocacy Servs., Inc. v. Carnahan, 499 F.3d 803, 811 (8th Cir. 2007). The Defendants argue that

16

because Mr. Thompson has received competent care that has resolved his medical issue, his claim for injunctive relief has been rendered moot.

The Court agrees with the Defendants. Mr. Thompson, by his own admission, has now received competent medical care. Mr. Thompson's complaint fails to allege any facts that demonstrate a future risk. Mr. Thompson has failed to prove he has a reasonable expectation that this wrong will be repeated. He may never suffer an issue with his foot again, and Mr. Thompson himself wants CCUSO to abstain from the treatment of his diabetes. Accordingly, injunctive relief in this matter would be highly speculative, and that would be inappropriate. Accordingly, this portion of the Defendants' Motion for Summary Judgment is granted.

**E. Counter Claim**

The Defendants have also filed a counterclaim requesting an award of attorney's fees. Because the Court is denying in part and granting in part Defendants' Motion for Summary Judgment, ruling on their counterclaim which alleges that the Plaintiff's Complaint is frivolous, would be inappropriate at this time.

17

**VI. CONCLUSIONS**

For the reasons set out above, Defendant's Motion For Summary Judgment (Docket No. 17) is **granted in part/denied in part** as follows:

The Court **DENIES** the Defendants' Motion for Summary Judgment regarding the merits of Mr. Thompson's case, the Court **DENIES** the Defendants' Motion for Summary Judgment on the issues of Qualified Immunity, the Court **DENIES** the Defendants' Motion for Summary Judgment requesting Dr. Smith be dismissed from the case, the Court **DENIES** the Defendants' Motion for Summary Judgment on their Counterclaim, and the Court **GRANTS** the Defendants' Motion for Summary Judgment regarding Mr. Thompson's claim for injunctive relief.

**IT IS SO ORDERED** this 10th day of March, 2014.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa